————o————

No. 3625.

(Court of Appeal, Parish of Orleans.)

JAMES SMITH vs. J. J. KEEGAN.

Appeal from Civil District Court, Division "B."

Rice and Montgomery, for Plaintiff and Appellee.

Richard and Vidrine, for Defendant and Appellant.

1. Issue of fact only is involved in this cause.

MOORE, J. This is a suit to recover damages for personal injuries. The defense is a general denial. There was a judgment in favor of the plaintiff for two hundred and fifty dollars and defendant appeals.

The facts are that plaintiff was employed as a laborer by the defendant, who was engaged in the construction of a certain drainage canal in the City of New Orleans.

The canal, when the event which occasioned the injuries complained of occurred, had been dug to a depth of some twelve feet; the sides being rivetted from top to bottom by boards and planks, In order to keep the sides apart as well as to prevent them from

183

pressing upon the revetment and forcing it upward, three braces were run across the opposite faces of the revetment; one at, or near, the surface of the earth, one at, or near, the bottom of the revetment and another about the centre. These braces served likewise as a means by which the laborers might get in and out of the canal in the performance of their labor. If properly constructed and firmly fixed in position, these braces would safely serve all the purposes of a ladder; and no ladders being furnished by the defendant, the braces were so used, to the knowledge of the defendant, by the laborers.

On the 21st day of October, 1902, the plaintiff, who was engaged elsewhere on the works, was called therefrom and was directed by the representative of the defendant to enter the canal and perform certain work therein, as then indicated to him.

There being no other means offered him for entering the canal save by the braces stated, and knowing that this was the sole method employed by the laborers, whose duties required them to enter the canal for getting in, (the defendant's work being, save on this occasion, always elsewhere on the work), he let himself down in the usual way from the upper brace, near the surface, to the brace midway between the top and bottom of the canal, when, suddenly, its end gave way and fell, precipitating him to the bottom and throwing him upon the lower brace, breaking three of his ribs, dislocating his shoulder blade and bruising and otherwise injuring him.

In consequence of these injuries he was confined to his bed for nearly six weeks and it was several weeks thereafter before he was able to do any work whatever.

It is conclusively shown that the brace which gave way was defective, and that defendant's representative in charge of the works had been notified the very morning of the day when the accident occurred, that the brace was loose; his attention being called to the fact that the wedges had dropped out. Notwithstanding this fact he directed the plaintiff to go into the canal, knowing that

this brace would have to be used by the plaintiff for that purpose. The defendant on the other hand was in absolute ignorance of the condition, and, in obeying the instructions of his employer, he assumed, as he had a right to assume, both by the invitation of the defendant and the fact that the braces were employed for the purpose to which he was about to put them, that they were safe and secure. In our opinion, as it was that of the trial judge, the defendant was clearly at fault and is liable in damages for the injuries inflicted as a result of his gross negligence. We think, however, that the sum awarded amply covers the amount of damages sustained and we cannot, as is urged by appellee in his appeal, increase them.

The judgment appealed from is affirmed.